(June 27, 1952.)

■

In the Matter of STUYVESANT TOWN CORPORATION et al., Respondents, against VINCENT R. IMPELLITTERI et al., Constituting the Board of Estimate of the City of New York, et al., Respondents. GLENN C. FOWLER et al., Appellants.

Appeal from an order of the Supreme Court at Special Term, entered June 5, 1952, in New York County, which granted a motion by appellants on behalf of themselves, of all tenants of Stuyvesant Town, of the Joint Tenants and Organizations Committee of Stuyvesant Town, and of the Association of Residents and Organizations of Stuyvesant Town, for leave to intervene as respondents, to the extent of limiting their participation to that of *amici curiæ*.

*Per Curiam.* Appellants addressed their motion to intervene in this proceeding to the discretion of the court. We cannot see that the court at Special Term abused its discretion. The responsibility for checking on and, if warranted, for contesting the claim of petitioners in this proceeding is vested in the Corporation Counsel of the City of New York. It is not suggested that with the resources of that office it is not able and prepared to carry its burden and protect the rights of the city and legitimate interests of the tenants. The city is the only other party to the contract with petitioners and it is the rights and obligations of these parties that are involved in this proceeding. However interested the tenants from time to time may be in the outcome of the litigation, their interests are presumably adequately represented by the city and we would not be justified in reversing the discretion of Special Term. The impossibility of control of the proceeding being exercised by the 8,700 tenants or the 25,000 occupants of Stuyvesant Town, is undoubtedly a reason on account of which the responsibility for enforcing the contract has been vested in the city and Special Term denied complete intervention. The order appealed from should be affirmed.

COHN and CALLAHAN, JJ. (dissenting). In our opinion the tenants who pay the rent are persons " specially and beneficially interested " in an application for an increase of those rents. That interest is as real as anything can be and is not overcome by any nice distinction as to the nature of their interest in the contract under which the building in which they live was erected.

They should not be foreclosed from an opportunity of examining directly the officers of the applicant as to the correctness of the claimed expenses either before or at the trial by counsel of their own choosing. They should not be foreclosed from raising any issues as they may deem proper by their own answers. They should not necessarily be bound by any admission by the city as to the correctness of the expenses.

We vote to modify the order by granting intervention but limiting it to not more than *three* tenants who shall act in a representative capacity and who shall speak through one counsel to be selected by the court and only that counsel shall be permitted to plead and examine on behalf of the tenants. Steps may be taken on the order of intervention that would prevent the tenants from unduly delaying the proceedings.

Peck, P. J., Van Voorhis and Heffernan, JJ., concur in *Per Curiam* opinion; Cohn and Callahan, JJ., dissent, in opinion.

Order affirmed. [See *post*, p. 931.]