Benjamin Brenner, J.
Plaintiff, a driller’s helper, employed by the Adair Company, then engaged in tunneling under the East River, was injured by an unscheduled blast set off by misfired dynamite embedded in a covered hole which was accidentally redrilled by a fellow employee. The evidence is briefly as follows:
The defendant had contracted with the City of New York to build a sewer and did, in fact, build all of it except the tunneling operation by plaintiff’s employer, Adair, in the section where *853 the plaintiff was employed. The defendant exercised no immediate control over Adair’s operation or over the procedures followed by Adair’s workers. It participated only to the extent of loaning equipment to Adair, occasionally looking in on the tunneling operation and requiring certain safeguards for proper performance as set out in the subcontract between the defendant and Adair. (The subcontract is not pertinent to the issues.) The procedure followed by Adair’s men, who were plaintiff’s fellow workers, in scaling and washing down the face of the tunnel after the scheduled blast is the principal cause ascribed by plaintiff for his injuries.
Plaintiff’s theory of liability rests on four distinct grounds, three of which were excluded during trial. These rejected theories of action are as follows:
First: Liability for failure to supply a safe place of work under section 200 of the Labor Law, held not to be applicable since the injuries were due to the methods rather than to the place of operation (Zucchelli v. City Constr. Co., 4 N Y 2d 52).
Second: Vicarious liability for the negligence of the subcontractor because of the intrinsically dangerous nature of the work, held not to be applicable because:
(a) the doctrine of vicarious liability appears to apply only to an injured member of the public. (Boylhart v. Di Marco & Reimann, 270 N. Y. 217; Schwartz v. Merola Bros. Constr. Corp., 290 N. Y. 145; Hanley v. Central Sav. Bank, 255 App. Div. 542, affd. 280 N. Y. 734.)
(b) plaintiff cannot recover for actionable negligence and is limited to workmen’s compensation where, as here, the act or omission complained of is that of a fellow employee. (Naso v. Lafata, 4 N Y 2d 585.)
Third: Liability to plaintiff as a third-party beneficiary under the provisions of the contract between the defendant and the City of New York, held not to be applicable because of the court’s conclusion of law that on the facts presented it was intended that the contract afford protection to it, the City of New York, and to its inhabitants. To extend the third-party beneficiary doctrine to employees of subcontractors would not conform to the theory on which that doctrine is based. (Smyth v. City of New York, 203 N. Y. 106; Rigney v. New York Cent. & Hudson Riv. R. R. Co., 217 N. Y. 31; Coley v. Cohen, 289 N. Y. 365; Root Neal & Co. v. Creadon, 290 N. Y. 733.)
The jury found against the defendant in the sum of $23,500 on plaintiff’s remaining theory that the defendant violated section 402 of the Labor Law and rule 30 of the State Industrial Code, the court having submitted to the jury the issue of viola *854 tion of these statutory provisions as the only admissible theory warranting recovery.
Implicit in its verdict the jury found violations of the various rules of the Industrial Code and of the Administrative Code of the City of New York, and particularly found violation of rule 30-11.15 (N. Y. Off. Comp, of Codes, Rules & Regulations [8th Cum. Supp.], p. 410) which reads as follows:
“ EXAMINATION OF FACE.— After each blast and before regular drilling is commenced the face shall be washed down and a thorough search shall be made for missed shots remaining from a previous blast. ’ ’
The defendant claims that these statutory provisions were not intended to apply to it as general contractor because it had no control over the building of the section of the tunnel where the plaintiff was injured. The third-party defendant, Adair, sued herein for common-law indemnification, joins the defendant in such contention.
Section 402 of the Labor Law must be read together with section 435 of the Labor Law and rules 30-3.3 and 30-2.5 of the Industrial Code to determine if it was the legislative intent to create a liability and to bind the general contractor not in actual control of the work and whether the precautions provided for tunneling operations were intended to extend to workers who are not directly controlled and supervised by the general contractor.
Section 402 of the Labor Law, violation of which is here alleged, reads as follows:
“ BLASTING. When explosives are used in a mine, tunnel or quarry, the manner of storing, keeping, moving, charging and firing, or in any manner using such explosives, shall be in accordance with the rules prescribed by the board.”
Section 435 of the Labor Law extends protection in tunneling operations to workers, even as to owners and to others not in control. It reads:
“ § 435. RESPONSIBILITY. Except as otherwise provided the owner, agent, lessee, manager, operator and superintendent shall be responsible for the observance of the provisions of this article.”
It will be noted that the above section expressly creates a liability and follows the pattern set out by section 241 of the Labor Law of extending responsibility to those not in immediate control. But the persons covered by section 435 are further identified under the phrase “ except as otherwise provided.” Rules 30-3.3 and 30-2.5 of the Industrial Code (N. Y. Off. Comp. *855 of Codes, Bules & Begulations [8th Cum. Supp.], pp. 402, 401) read as follows:
11 30-3.3. Responsibility of constructor. The constructor shall use every reasonable precaution to provide for the safety of all the workmen in a tunnel, whether provided for in these rules or not, and it shall be the duty of such constructor to carry out the provisions of these rules by providing the safety devices, types of construction, materials, methods and procedures required by these rules.”
“ 30-2.5. ‘Constructor’ means the person, firm or corporation in general control and supervision of any tunnel or its accessories.”
The defendant general contractor, though it had no active control over the section of the tunneling or preliminary sewer construction wherein the explosion occurred and no control and supervision of the subcontractor’s workers, was nonetheless a constructor in general control and supervision of the entire tunnel of which this section was a part, within the meaning of the rules cited above. It is my view that the intent of the rules was to afford protection to workers regardless of the absence of active control of a part of the work which accounts for the use of the term “ general control and supervision.”
Section 402 of the Labor LaAv was designed to comprehensively protect workers, particularly where, as here, the rules promulgated pursuant to it afford broad coverage. It must be borne in mind that the statute created absolute liability for the protection of a specific class of persons of which this plaintiff was a member (Schmidt v. Merchant's Despatch Transp. Co., 270 N. Y. 287; Koenig v. Patrick Constr. Corp., 298 N. Y. 313). Nor is there any doubt that the rules were designed to supplement and to effectuate such statutory policy of protection, violation of which constituted violation of the statute itself (Rufo v. Orlando, 309 N. Y. 345). Moreover, a worker, excluded from a remedy under the doctrine which allows recovery to members of the public for vicarious liability in inherently dangerous operations, is entitled to protection under the provisions of a statute which appears to extend a similar remedy to workers in dangerous occupations.
It is the further contention of the defendant that the negligence of the plaintiff’s fellow workers bars him from recovery for violation of the Labor Law. I do not agree with this view. If contributory negligence is no bar to recovery under section 241 of the Labor Law (Koenig v. Patrick Constr. Corp., supra), then it is also no defense in an action based on section 402 of *856 the Labor Law, for obviously the very risk anticipated in the blasting operation mandates the protection therein afforded regardless of plaintiff’s conduct. If contributory negligence is no defense, then a fortiori the negligence of plaintiff’s fellow servants is equally no bar to plaintiff’s cause.
Violation of those provisions of the Labor Law which impose strict liability bars a cause of action in negligence against a joint tort-feasor (Rufo v. Orlando, supra; Walters v. Rao Elec. Equip. Co., 289 N. Y. 57; Semanchuck v. Fifth Ave. & 37th St. Corp., 290 N. Y. 412). Hence the third-party suit by Healy against Adair for indemnification must be dismissed.
Plaintiff’s injuries are such as to entitle him to the sum awarded by the jury. All motions made by the defendant are accordingly denied and the motion made by the third-party defendant to dismiss the third-party action is granted. The plaintiff and the third-party defendant are entitled to judgments.