Louis Gr. Bruhu, J.
This is a motion on behalf of the defendant for judgment dismissing the second cause of action of the complaint on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action.
The question involved, simply stated, is whether or not the contract in question contains a so-called third-party beneficiary clause. The clause in question reads as follows: “ All damage, direct or indirect, of whatever nature resulting from the performance of the work or resulting to the work during its progress from whatever cause, including omissions and supervisory acts of the State, shall be borne and sustained by the Contractor, and all work shall be solely at his risk until it has been finally inspected and accepted by the State. The Contractor, however, shall not be responsible for damages resulting from faulty designs as shown by the plans and specifications nor the damages resulting from wilful acts of Department officials or employees, and nothing in this paragraph or in this contract shall create or give to third parties any claim or right of action against the Contractor or the State beyond such as may legally exist irrespective of this paragraph or contract.” (Italics supplied.)
It is conceded that a good cause of action would be alleged if the clause in question had terminated short of the underlined portion. However, disagreement arises as to whether or not the underlined portion of the contract is sufficient in intent and *200 form to negate any rights that would otherwise accrue to third parties were it not present.
The well-known Lawrence v. Fox case (20 N. Y. 268) indelibly established the third-party theory of liability.
However, to succeed on such theory it must appear, first, that there was an intent on the part of the State to secure some benefit to this plaintiff and other owners of property likely to be effected by the performance of the work contracted for; and, secondly, that an obligation or duty existed from the State to such parties which gave them a legal or equitable claim to the benefit of the contract. (Rigney v. New York Cent. & Hudson Riv. R. R. Co., 217 N. Y. 31, 37.)
Public interest' permits the State to contract so that the contractor may be required to compensate in contract rather than in negligence or trespass. (Coley v. Cohen, 289 N. Y. 365, 371.)
While public interest may permit or justify such a clause no legislative fiat mandates its conclusion in public improvement contracts.
For that reason the State, or any municipality, is at liberty, in its discretion, to include or omit such a clause.
Since the oft-cited Coley v. Cohen (supra) was decided in 1942, it may safely be assumed that the State was aware of its holding and the full impact thereof when in 1951 it added the underlined portion of the clause to all public improvement contracts thereafter entered into.
A reading of the clause in question and the contract as a whole, in the opinion of this court, suggests no intent on the part of the State to preserve to this plaintiff or others similarly situated any contractual cause of action against either the contractor or the State.
On the contrary, the underlined portion of the clause completely negates any third-party rights or claims other than those existing outside the contract.
For the reasons stated, the motion to dismiss the second cause of action is granted.
Submit order.