James D. Hopkins, J.
The defendant moves to dismiss the second cause of action alleged in the complaint on the ground that it does not state facts sufficient to constitute a cause of action. That cause of action, briefly stated, alleges that the plaintiff, an employee of the City of New Rochelle, suffered personal injuries as a result of the bursting of fire hose purchased by the city from the defendant; that the injury occurred while the plaintiff was testing the hose under pressure prior to use in fighting fires; and that the defendant, both by express and implied warranties, had represented that the hose would stand a specified pressure, and those warranties had been breached in that the hose was defective and not in conformance with the warranties. Upon these allegations the plaintiff seeks recovery for his injuries.
A cause of action for breach of warranty ordinarily depends on a contractual relation between the parties to the action. A personal injury suffered by one not a party to the contract, even though an employee or agent of the buyer, may not be *137 recompensed by suit against the seller based on breach of the contract (Shoopak v. United States Rubber Co., 17 Misc 2d 201, affd. 10 A D 2d 978; Commissioners of State Ins. Fund v. Humm, 48 N. Y. S. 2d 875, affd. 269 App. Div. 657; Galvin v. Lynch, 137 Misc. 126). Reasons of public policy underlie this denial of the right of enforcing the contract, which is sometimes referred to as the absence of privity of contract. Parties to contracts bargain with an objective in view as between themselves ; burdens or benefits to others are generally not within their contemplation; and the process of bargaining would be complicated if the contract could be enforced by third parties (cf. Lorillard v. Clyde, 122 N. Y. 498). The rule refusing recovery to a nonparty to a contract for personal injury arising from a breach of warranty, whether express or implied, has been reiterated time and again (Chysky v. Drake Bros. Co., 235 N. Y. 468; Campo v. Scofield, 301 N. Y. 468; Abrahams v. M. S. Berkoff Co., 2 A D 2d 686).
Two exceptions to the general rule have appeared: (1) A right of recovery has been permitted in cases involving breach of warranty arising out of sales of foodstuffs, where the injured person stood in close family relationship to the buyer (Bowman v. Great Atlantic & Pacific Tea Co., 284 App. Div. 663, affd. 308 N. Y. 780; Gimenes v. Great Atlantic & Pacific Tea Co., 264 N. Y. 390); (2) The class of cases characterized by the third-party beneficiary principle. It is to the last exception that the plaintiff appeals to justify his cause of action.
The third-party beneficiary doctrine has not been thus far extended to the facts at bar. None of the cases cited by the plaintiff permit recovery by an employee for personal injuries suffered from a breach of warranty contained in a contract between the employer and the defendant referring to the specification of quality of the article sold. The cases fall into three general categories: (1) where the contract expressly provided for payment of damages suffered by third parties (Coley v. Cohen, 289 N. Y. 365 ; Wilson v. Costich Co., 231 App. Div. 346); (2) where the promise benefited the third party, directly and only, such as payment of wages according to a schedule (Fata v. S. A. Healy Co., 289 N. Y. 401), or (3) where the contract involved a benefit to the public at large, such as the sale of water to consumers (Pond v. New Rochelle Water Co., 183 N. Y. 330). None of these elements appears in the present complaint (see, also, Korycka v. S. A. Healy Co., 15 Misc 2d 852; Costa v. CallananRoad Improvement Co., 15 Misc 2d 198).
The motion must, therefore, be granted. In making this determination, the court has been aware of the recognition in *138 recent years of an employee’s right to sue a third party and still receive payments under the Workmen’s Compensation Law, and the common-law right of reimbursement which may be enforced in some jurisdictions by the buyer against the seller for damages for breach of warranty by recoveries obtained against the buyer by third parties, including employees of the buyer, for injuries suffered as a result of defective goods (Dayton Power & Light Co. v. Westinghouse Elec. & Mfg. Co., 287 F. 439; Boston Woven Hose & Rubber Co. v. Kendall, 178 Mass. 232; London Guar, & Acc. Co. v. Strait Scale Co., 322 Mo. 502; see, also, 3 Williston, Sales [rev. ed.], § 614a; pp. 375-376). If any change in the rule in favor of an employee of the buyer is to be made, it should be announced by the Legislature or the appellate courts.