Sidney A. Fine, J.
This is a motion by defendants, Metropolitan Life Insurance Company and The Stuyvesant Town Corporation, to dismiss the complaint in an action brought by three tenants of Stuyvesant Town on behalf of themselves and all other tenants similarly situated.
The complaint alleges that a contract between the City of New York and the defendants provides that the rents charged, during the period of tax exemption will not exceed $14 per room, unless the resulting revenue should prove insufficient to yield a specified return, in which event defendants may apply to the Board of Estimate for permission to increase the rents to an amount sufficient to produce the specified return. Plaintiffs allege that defendants have served notice that they intend to increase the rents. They charge that defendants have never applied to the Board of Estimate for permission to increase the rents and they accordingly seek a judicial declaration that defendants have no right to increase the rents without the prior permission of the Board of Estimate. Injunctive relief against the proposed increases is also demanded.
*452 Defendants seek dismissal of the complaint upon two grounds: (1) that plaintiffs have no legal right to maintain the action, since it is based upon the provisions of a contract to which they are not parties and which was not intended to be for their benefit; and (2) that the proposed increases are authorized by a previous order of the court, directing the Board of Estimate to permit increases which would produce a maximum average basic rental of $24.87 per month per room from September 30, 1951 to the end of the period of partial exemption—which order was complied with by the Board of Estimate. Defendants state that the proposed increases are designed ‘ ‘ to achieve a rental equivalent to the maximum average basic rental of $24.87 per month per room * * * specifically authorized in the court order and as adopted in the resolution of the Board of Estimate ”.
Plaintiffs’ complaint is based on the provisions of a contract between defendants and the City of New York, dated as of June 1, 1943. That contract expressly provides: “ Nothing expressed in or to be implied from this contract, or in or from the debentures or the stock of the Corporation, is intended or shall be construed to give any person, firm or corporation, other than the parties hereto and the holders of the debentures and the holders of the stock of the Corporation, any legal or equitable right, remedy or claim under this contract, or under any agreement or provision herein contained; this contract and all such agreements and provisions being for the sole and exclusive benefit of the parties hereto and the holders of the debentures and the holders of the stock of the Corporation, as herein provided.” This is a clear and unambiguous provision negating plaintiffs’ claim that the contract was intended for their benefit and may be enforced by them. The city and the defendants had a right to insert such a provision in the contract between them. In upholding the granting of partial tax exemption and overruling the contention that the property might be freed from rent controls by payment of back taxes, the Court of Appeals declared (Matter of Murray v. La Guardia, 291 N. Y. 320, 332) that: “The project * * * involves the clearance and rehabilitation of a substandard and insanitary area — not low rent housing for persons of low income. ”
The law is well settled that one who is not a party to a contract may not sue" to enforce its provisions merely because its performance may result, in benefits to him. A donee beneficiary may sue to enforce the. contract only if the contract was intended for his benefit and it was intended that he have the *453 light to enforce it (2 Williston, Contracts [rev. eel.], §§ 356A, 357; Restatement of Contracts, § 133). “ The benefit * * * must be one that is not merely incidental and secondary * * * It must be primary and immediate in such a sense and to such a degree as to bespeak the assumption of a duty to make reparation directly to the individual members of the public if the benefit is lost ” (Moch Co. v. Rensselaer Water Co., 247 N. Y. 160, 164). An express provision negating an intent to permit enforcement of the contract by nonparties is necessarily decisive as to the rights of said persons to enforce it (Majestic Mfg. Corp. v. Riso & Sons Bldg. Co., 27 N. Y. S. 2d 845 ; Costa v. Callanan Road Improvement Co., 15 Misc 2d 198). In a case very similar to the instant one, even in the absence of a contractual provision limiting the right to enforce the contract to the parties and specific other persons, the Court of Appeals declared that tenants could not enforce provisions of the National Housing Act, although they were vitally affected by the rent schedules complained of (Fieger v. Glen Oaks Vil., 309 N. Y. 527, 535-536).
In the prior proceeding by defendants against the Board of Estimate, which resulted in an order directing the board to permit the increase applied for (Matter of Stuyvesant Town Corp. v. Impellitteri, N. Y. L. J., June 6, 1952, p. 2267, cols. 1, 2, affd. 280 App. Div. 788), an application by tenants for permission to intervene was denied. The Appellate Division, in affirming, said: ‘ ‘ The city is the only other party to the contract with petitioners and it is the rights and obligations of these parties that are involved in this proceeding. However interested the tenants from time to time may be in the outcome of the litigation, their interests are presumably adequately represented by the city * * *. The impossibility of control of the proceeding being exercised by the 8,700 tenants or the 25,000 occupants of Stuyvesant Town, is undoubtedly a reason on account of which the responsibility for enforcing the contract has been vested in the city Had the court been of the opinion that the tenants had an absolute right to enforce the contract’s provisions, it is difficult to believe that it would have denied their application to intervene and treated the motion as addressed to the court’s discretion. Subsequently, a plenary action commenced by tenants was dismissed, ‘ ‘ upon all the grounds shown in the papers herein ” (italics supplied) (Fowler v. Stuyvesant Town Corp., 114 N. Y. S. 2d 767, 769). The court also said: “ the motion of the defendants in its various branches for dismissal of the complaint is granted” (italics *454 supplied). One of the grounds of dismissal on which the motion had been based was that “ plaintiffs have not legal capacity to sue and maintain this action ’ ’.
The court accordingly holds that plaintiffs have no standing to enforce the provisions of the contract, that right, under the express terms of the contract, being restricted to the city (and, where affected, the holders of debentures and stock). It is accordingly unnecessary to consider defendants’ claim that the prior order of the court is a binding adjudication that plaintiffs’ cause of action is without merit. Motion granted.