## July 8, 1963

■ HAROLD DEEVES, Appellant, v. FABRIC FIRE HOSE COMPANY, Respondent.— In an action to recover damages for personal injury, plaintiff appeals: (1) from an order of the Supreme Court, Westchester County, dated September 17, 1962, which, upon the granting of his motion for reargument, adhered to the court's prior decision [or order] of January 24, 1961 granting defendant's motion to dismiss the second cause of action in the amended complaint; and (2) from said prior order of January 24, 1961. On the motion for reargument, plaintiff also requested, by way of alternative relief, permission to serve and file a second amended complaint, but no disposition was made by the court with respect to such request and no further action relative thereto was taken and it was apparently abandoned. Order affirmed, without costs. It is alleged in the complaint that plaintiff, a fireman employed by the City of New Rochelle, was injured when a fire hose, manufactured and sold by defendant to the city, burst while plaintiff was testing it at a water pressure of not more than 370 pounds per square inch. In this action against the manufacturer and seller, the first cause of action sounds in negligence and its sufficiency in law is not challenged. The second cause of action is for breach of warranty and further alleges that defendant both by express and implied warranties had represented that the hose would withstand a specified pressure of 600 pounds per square inch; that those warranties had been breached; and that the hose was defective and not suited for the purpose for which it was intended and was not of marketable quality. On the first motion instituted by notice dated November 9, 1960 the Special Term dismissed the second cause of action for failure to state facts sufficient to constitute a cause of action, on the ground that the doctrine which requires privity of contract between the injured person and the seller or manufacturer had not yet been sufficiently relaxed to permit such an action by an employee against a manufacturer or seller who was in privity with his employer, the purchaser. Despite a tacit invitation in the Special Term's opinion to test its determination by an appeal (29 Misc 2d 136, 138), no appeal was taken. Long after the time to appeal had expired in this case, the Court of Appeals in another case dispensed with the traditional requirement of privity of contract (*Randy Knitwear* v. *American Cyanamid Co.,* 11 N Y 2d 5). Express warranties and implied warranties of fitness and merchantability are now held to run from the seller to the purchaser's employees for whose use the article of personal property has been purchased (*Williams* v. *Union Carbide Corp.,* 17 A D 2d 661; *Thomas* v. *Leary,* 15 A D 2d 438). Thereafter the instant motion for reargument resulting in the order appealed from was made, more than a year after the time to appeal had expired. We recognize that since the decision on the original motion to dismiss there has been marked change in the applicable law (see, also, *Goldberg* v. *Kollsman Instrument Corp.,* 12 N Y 2d 432), and that this change would have indicated a contrary conclusion had it been declared prior to that decision. Nonetheless, on a motion for reargument made after the expiration of the time to appeal, the original decision determining the rights and position of the parties should not be reversed simply because an appellate court, in the interim, has overruled its own or another statement of existing law (1 Carmody-Wait, New York Practice, pp. 680–682, and cases there cited). Ughetta, Acting P. J., Kleinfeld and Hill, JJ., concur; Brennan and Rabin, JJ., dissent and vote to modify the order made on reargument by adding thereto a decretal paragraph granting plaintiff's prayer for alternative relief and permitting him to serve a second amended complaint alleging an additional cause of action based on breach of warranty, with the following memorandum: In our

opinion, since the order made on reargument is separately appealable, without regard to whether an appeal was taken from the original order (Civ. Prac. Act, § 562-a; Seventeenth Annual Report of N. Y. Judicial Council, 1951, pp. 207–211; cf. *Matter of Ralph* v. *Board of Estimate*, 304 N. Y. 654, 656), this appellate court should apply to this case the existing law, and not the law prevailing as of the date of the original determination (*Matter of Cutler* v. *Herman*, 3 N Y 2d 334, 338; *Matter of Kahn* [*National City Bank*], 284 N. Y. 515, 523; *Matter of Town Bd. of Town of Huntington* v. *Plonski*, 13 A D 2d 704). As of this date, the plaintiff is entitled to pursue a cause of action, sounding in warranty, even though there was no privity of contract between him and defendant, as seller, since he (plaintiff) was an employee of the purchaser for whose use the article was sold. (*Goldberg* v. *Kollsman Instrument Corp.*, 12 N Y 2d 432; *Randy Knitwear* v. *American Cyanamid Co.*, 11 N Y 2d 5; *Williams* v. *Union Carbide Corp.*, 17 A D 2d 661; *Thomas* v. *Leary*, 15 A D 2d 438). In our view, while the original order dismissing the second cause of action for breach of warranty, was properly made under the then existing law (see 29 Misc 2d 136), it fixed no substantive rights as between the parties to this still pending action but merely procedurally barred the plaintiff from maintaining a cause of action for breach of warranty. In view of the liberality in allowing amendments to pleadings where, as here, plaintiff will be deprived of a substantial right and the defendant will suffer no prejudice, we hold that discretion should now be exercised in favor of allowing plaintiff leave to serve a second amended complaint. While the learned Special Term on reargument may have been precluded from overruling a Justice of co-ordinate rank, that difficulty is not present in this tribunal where the existing law is required to be applied (*Malnati* v. *Metropolitan Life Ins. Co.*, 254 App. Div. 681; *United States Mtge. & Trust Co.* v. *Ruggles*, 232 App. Div. 9, 11–12; *Hornstein* v. *Podwitz*, 254 N. Y. 443, 450; *Matter of Thomas* v. *Board of Stds. & Appeals*, 263 App. Div. 352, 358, revd. on other grounds, 290 N. Y. 109).