OPINION
{¶ 1} Plaintiff-appellant QualChoice, Inc. appeals the December 20, 2005, judgment entry in which the Stark County Court of Common Pleas granted defendant-appellee Brotherhood Mutual Insurance Company's ("Brotherhood") motion for summary judgment.
 STATEMENT OF FACTS AND LAW {¶ 2} On or about September 20, 2003, appellant's insured, William Cunningham, was volunteering his services at the Canal Fulton Christian Fellowship Church when he was injured. At the time of his injury, Mr. Cunningham was afforded health benefits coverage by appellant QualChoice. The Church was insured under a MinistryFirst commercial property policy of insurance issued by appellee that contained a medical payments provision with a five thousand dollar ($5,000.00) limit. Mr. Cunningham sought medical treatment for his injuries. Appellant paid medical expenses in the amount of $1,115.26 to or on behalf of Cunningham, and thereafter became subrogated to his rights regarding same.
 {¶ 3} As subrogee, appellant filed a complaint against appellee seeking damages in said amount, and for future medical expenses and all costs.[1] Appellee filed an answer in which it denied all the allegations contained in the appellant's complaint. Appellee thereafter filed a motion for summary judgment in which it argued that because appellant failed to submit its claim or commence its action within one year from the date of injury as required by the terms of the policy, appellee was entitled to judgment as a matter of law. Appellant opposed the motion. On December 20, 2005, the trial court granted appellee's motion for summary judgment without opinion. Appellant appealed, setting forth the following assignment of error:
 {¶ 4} "THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS DEFENDANT IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW."
 I. {¶ 5} The appellant argues that the trial court committed reversible error when it granted appellee's motion for summary judgment. We disagree.
 {¶ 6} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C), which provides in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 7} "Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial." Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259,674 N.E.2d 1164, citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264.
 {¶ 8} It is pursuant to this standard that we review appellant's assignment of error.
 {¶ 9} Appellee Brotherhood's policy of insurance provides coverage for medical payments, and states in pertinent part:
"1. We pay the medical expenses defined below for bodily injury caused by an accident:
 "a. on premises you own or rent;
 "b. on ways adjacent or next to premises you own or rent; or
 "c. arising out of your operations.
"2. We pay such expenses regardless of fault but only if:
 "a. they arise out of an accident that occurred in the coverage territory and during the policy period; and
 "b. they are incurred and reported within one year of the accident. . . ."
 {¶ 10} Appellee initially argues that the appellant is prohibited from suing appellee directly without first obtaining a judgment against appellee's insured, the Canal Fulton Christian Fellowship Church. However, appellee did not raise this argument in its motion for summary judgment before the trial court. It is well established that a party cannot raise any new issues or legal theories for the first time on appeal. Dolan v. Dolan, 11th Dist. Nos. 2000-T-0154 and 2001-T-0003, 2002-Ohio-2440, at ¶ 7, citing Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629. "Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process." Nozik v. Kanaga (Dec. 1, 2000), Lake App. No. 99-L-193,2000 WL 1774136. Appellee is thus barred by the doctrine of waiver from raising this issue on appeal.
 {¶ 11} Appellee next argues that the one-year time limitation within which a claim for medical payments coverage must be submitted is enforceable as against appellant. Appellant responds that because it was not in privity with appellee, it should not be bound by the contractual one-year time limitation.
 {¶ 12} Medical payments coverage is primary insurance that provides compensation for medical expenses for bodily injury arising out of an accident without regard to fault. Duskin v. Doe, Hamilton App. No. C-010626, 2002-Ohio-2348, at ¶ 6. Since medical payments coverage is optional coverage not required by operation of law, it is purely contractual in nature. If the language of a contract is clear and unambiguous, courts must enforce the instrument as written.Hybud Equipment Corp. v. Sphere Drake Ins. Co., Ltd. (1992),64 Ohio St.3d 657, 665, 597 N.E.2d 1096; and, Long Beach Assn., Inc. v.Jones, 82 Ohio St.3d 574, 577, 1998- Ohio-186, 697 N.E.2d 208. Therefore, so long as the language limiting medical payments benefits to only those expenses incurred within one year of the accident is clear and unambiguous, it will be enforced. See, also, 8A Appleman Appleman, Insurance Law and Practice, sections 4901 — 4902; Couch on Insurance 3d, Volume 11, Chapter 158, Section 158:3. "Typically, a medical payments provision limiting liability to expenses incurred for services furnished within one year from the date of an accident is deemed unambiguous", and therefore enforceable. Couch, supra.
 {¶ 13} Appellant claims that it was unaware of the one year time limitation, and should therefore not be bound by it, as it was not in privity with appellee. This argument is unpersuasive since, although appellant was not in privity with the appellee, appellant's insured was a third party beneficiary of the appellee's policy.
 {¶ 14} We addressed similar facts in the case of Nationwide Ins. Co.v. Rice (Oct. 15, 2001), Muskingum App. No. CT2001-0017,2001 WL 1744493. In Rice, appellant was driving a friend's car when she was struck by a tortfeasor. Appellant submitted a claim to her friend's insurer, Nationwide, for medical expenses. Nationwide paid appellant $50,000.00. Appellant also submitted a claim to the tortfeasor's insurer, who paid appellant $100,000.00. Nationwide requested reimbursement from appellant for the medical payments monies Nationwide had paid her, and when she refused to reimburse Nationwide, it filed an action to pursue its subrogation claim against appellant. In affirming the trial court's judgment for Nationwide, we stated:
 {¶ 15} "'A third party beneficiary is one for whose benefit a promise has been made in a contract but who is not a party to the contract.'Chitlik v. Allstate Ins. Co. (1973), 34 Ohio App.2d 193, 196. `The third party need not be named in the contract, as long as [she] is contemplated by the parties to the contract and sufficiently identified.' Id. Moreover, the `promisee must intend that a third party benefit from the contract in order for that third party to have enforceable rights under the contract[.]' Laverick v. Children's Hosp.Med. Ctr. Of Akron (1988), 43 Ohio App.3d 201, 204. A third party beneficiary is free to accept or reject the benefits of the contract;however, by accepting the benefits of the contract, the third partybeneficiary also assumes the attendant burdens. Fawn v. Heritage Mut.Inc. Co. (June 30, 1997), Franklin App. No 96APE12-1678, unreported,1997 WL 359322, (holding that the `arbitration provision of an insurance policy between a named insured and insurer can be enforced against a third-party who seeks underinsurance benefits under the policy'.) The contract does not have to name the third-party beneficiary, as long as `the third person is in the contemplation of the parties.'Hines v. Amole (1982), 4 Ohio App.3d 263, 268. An intended third-partybeneficiary cannot receive a greater benefit than that provided for inthe contract. Ohio Savings Bank v. V.H. Vokes Co. (1989),54 Ohio App.3d 68." (Underlining added.) See, Rice, supra, at *3. Moreover, a third-party beneficiary need not accept the contract, or even acknowledge its existence. Chitlik, supra, at 196.
 {¶ 16} In the case sub judice, appellant's insured, William Cunningham, was volunteering his services at the premises insured by appellee Brotherhood. The insurance policy that covered said premises contained a medical payments provision that provided medical payments coverage for bodily injury caused by an accident on the premises the insured owns or rents regardless of fault. Thus, the policy language identified and contemplated medical payments coverage for individuals such as Mr. Cunningham who are injured while on the subject property. We therefore conclude that appellant's insured, Mr. Cunningham, was a third-party beneficiary of appellee Brotherhood's insurance policy.[2]
Appellant, as a result of paying benefits to Mr. Cunningham, became subrogated to his rights.
 {¶ 17} As an intended third-party beneficiary, appellant's insured may choose to accept the benefits of the insurance contract. However, he must also assume the attendant burdens. As stated above, appellant's insured, and thus the appellant, cannot receive a greater benefit than that provided for in the contract. See, also, Gerak v. Dentice (Apr. 12, 2000), Summit App. No. 19767, 2000 WL 372316, at *1.
 {¶ 18} The question remains as to why appellant's insured, and appellant as the subrogated claimant, should be bound by the one year notice provision when appellant's insured was not a party to the contract and could not have known about the provision. The answer is that appellant's insured was a donee beneficiary and "[a] donee beneficiary may sue to enforce the contract only if the contract was intended for his benefit and it was intended that he have the right to enforce it."[3] In the case sub judice, Brotherhood and the Church intended for injured persons to be able to obtain some medical payments, regardless of whether the Church was at fault. These two contracting parties also intended that this coverage be available only if notice were given within a certain time. This rationale makes sense especially when you consider that appellant's insured was a donee beneficiary. A person is a donee beneficiary when "it appears from the terms of the promise . . . that the purpose of the promisee [the church] in obtaining the promise [by Brotherhood to pay insurance benefits] . . . is to make a gift to the beneficiary or to confer upon him a right against the promisor [Brotherhood] to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary."[4]
 {¶ 19} We would reach the same result under an equitable analysis. Medical payments coverage, such as was provided herein, is provided by a property owner even when the accident resulting in injury is not the property owner's fault. Because the coverage is voluntary and not based upon the fault of the property owner, he or she should therefore be able to establish the window of time during which said claim can be made.
 {¶ 20} Appellant relies on Dempster v. Stein Mart, Inc., Lucas App. No. L-01-1335, 2002-Ohio-2634. But we find Dempster to be distinguishable from the case sub judice. In Dempster, the plaintiff was the injured party, not a subrogated carrier, and the defendant was the company insured by the policy of insurance that contained the medical payments coverage, not the company's insurer. Most importantly, the plaintiff in Dempster had been involved in discussions with the store owner's claims representative, who had advised the plaintiff in writing of the existence of the medical payments coverage and offered to pay her medical expenses up to the policy limit, but failed to advise her of the one year limitation period. No such discussions were had in the within case.
 {¶ 21} We thus find the appellant's assignment of error to be without merit.
The judgment of the trial court is therefore affirmed.
Farmer, P.J. and Boggins, J. concur
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] It is unclear why appellant filed its case in common pleas court, as the amount of damages sought, as well as the appellee's $5,000.00 medical payments policy limit, indicates that jurisdiction was proper not in common pleas court, but rather, in municipal court.
[2] This third-party beneficiary analysis applies to the facts herein because the claim sub judice involves medical payments coverage and not liability coverage, in which liability would have to be proven before recovery. The injured party who seeks coverage from a tortfeasor's liability policy is not a third party beneficiary because the liability coverage primarily benefits the insured party for whom the benefits are paid to the injured party. See, Chitlik, supra, at 197.
[3] Larkin v. Metropolitan Life Ins. Co., 28 Misc.2d 451,212 N.Y.S.2d 538 (Sup.Ct. 1961) (citing text and Restatement of Contracts § 133).
[4] Marlboro Shirt Co. v. American Dist. Tel. Co., 196 Md. 565, 77 A.2d 776 (1951) (quoting Restatement of Contracts § 133 (1)(a)).