Charles H. Coley, Respondent, *v.* Frank L. Cohen, Appellant.

Argued March 9, 1942; reargued December 8, 1942; decided December 11, 1942.

*Philip Halpern, Milton H. Friedman, Emil L. Cohen* and *Isador Setel* for appellant. The contract was not intended to create liability on the part of the contractor for damage for which liability would not otherwise have existed on the part of anyone. (*Booth*

v. *R. W. & O. T. R. R. Co.*, 140 N, Y. 267; *Holland House Co.* v. *Baird*, 169 N. Y. 136; *French* v. *Vix*, 143 N. Y. 90; *Dudar* v. *Milef Realty Co.*, 258 N. Y. 415; *United States* v. *Massachusetts Bonding & Ins. Co.*, 18 Fed. Rep. [2d] 203; *Corrigan Transit Co.* v. *Sanitary District of Chicago*, 137 Fed. Rep. 851; *Coster* v. *Mayor*, 43 N. Y. 399; *United States* v. *Rifle Co.*, 247 Fed. Rep. 374; *Askey & Hager, Inc.*, v. *State*, 240 App. Div. 451; 266 N. Y. 587; *French* v. *Vix*, 143 N. Y. 90.) The parol evidence offered by the appellant was erroneously excluded by the trial court. (*Mascioni* v. *Miller, Inc.*, 261 N. Y. 1; *O'Neil Supply Co.* v. *Petroleum H. & P. Co.*, 280 N. Y. 50; *Rasmussen* v. *New York Life Ins. Co.*, 267 N. Y. 129.)

*Charles J. McDonough* for respondent. The contract was intended to, and did impose on the contractor absolute liability for all damages to the property of third party beneficiaries caused by the blasting, regardless of whether or not the contractor was negligent. (*Trumpbour* v. *Johnson*, 250 App. Div. 856; 277 N. Y. 609; *Wilson* v. *Oliver Costich Co.*, 231 App. Div. 346; 256 N. Y. 629; *Rigney* v. *N. Y. C. & H. R. R. R. Co.*, 217 N. Y. 31; *Ward* v. *Whitney*, 8 N. Y. 442; *Fleischman* v. *Furgueson*, 223 N. Y. 235; *Browne* v. *Patterson*, 165 N. Y. 460; *Smyth* v. *City of New York*, 203 N. Y. 106; *Hale* v. *Ripton*, 234 N. Y. 631; *Rigney* v. *N. Y. C. & H. R. R. Co.*, 217 N. Y. 31; *Schnaier* v. *Bradley Contracting Co.*, 181 App. Div. 538; *Maloney* v. *Iroquois Brewing Co.*, 173 N. Y. 303; *Atwater & Co.* v. *Panama R. R. Co.*, 246 N. Y. 519.) There is no ambiguity in the contract. Parol evidence was incompetent. (*Marble* v. *Whitney*, 28 N. Y. 297; *Marsh* v. *McNair*, 48 Hun, 117; *Fox Film Corp.* v. *Springer*, 273 N. Y. 434; *Giles* v. *Comstock*, 4 N. Y. 270; *Collender* v. *Dinsmore*, 55 N. Y. 200; *Matter of Loew's Buffalo Theaters, Inc.*, 233 N. Y. 495; *Petrie* v. *Trustees of Hamilton College*, 158 N. Y. 458; *County Trust Co.* v. *Mara*, 242 App. Div. 206; 266 N. Y. 540.)

RIPPEY, J. On July 3, 1936, the defendant Frank L. Cohen entered into a written contract with the Buffalo Sewer Authority, a body politic created by virtue of chapter 349 of the Laws of 1935, for the construction in West Delevan avenue, between Niagara street and Elmwood avenue, of so-called Division J-Western Section of a storm water relief drain for the Bird Avenue Sewer District,

the work to be performed and materials to be furnished according to specifications attached to and made a part of the contract.

This action was commenced by a property owner whose property was damaged due to concussions from blasting operations during the construction of the sewer. The complaint set up two causes of action — one based upon negligence of the contractor in connection with the blasting operations and the second based upon a clause in the contract alleged to have been made for the benefit of third persons, including this plaintiff, which was alleged to have imposed upon the contractor an absolute obligation to respond in damages for any injury to property caused by blasting operations in connection with the work. The case was neither tried nor submitted on the theory of the first cause of action but solely on the theory advanced in the second cause of action without evidence of fault on the part of the contractor. Plaintiff recovered at Trial Term and the judgment based upon the verdict of the jury in his favor was unanimously affirmed by the Appellate Division which denied an application of the defendant for leave to appeal to this court. The case reaches us by our permission.

Article I(a) of the contract provides in part: " The plans, specifications, advertisements, information for bidders, and accepted proposal, shall form a part of this contract and the provisions thereof shall be as binding upon the parties hereto as if they were herein fully set forth. * * * in case of any conflict or inconsistency between the provisions of this contract and those of the specifications, the provisions of this contract shall govern."

Article X, relating to " Contractor's Responsibility," provides that the contractor shall build, construct, finish and fully complete the whole of the specified work in the manner described and shown in the contract, drawings and specifications and in accordance with such further details and instructions as the engineer may from time to time furnish or issue for the purpose of insuring the thorough completion of the work in the most efficient manner. In that article, the contract continues: " The Contractor will indemnify and save harmless the City of Buffalo and the Authority from all claims, suits or actions and damages or costs of every name and description to which the City of Buffalo and/or the Authority may be subjected or put by reason of injury to the person

or property of another resulting from negligence or carelessness on the part of the Contractor, his servants or subcontractors in the delivery of materials and supplies, or by or on account of any act or omission of his servants, agents, or subcontractors, * * *." That clause imposes liability on the contractor to indemnify the Authority and the city of Buffalo from all claims, suits or actions, damages or costs to which the Authority or the city might be subjected for injury to the person or property of another *resulting from negligence or carelessness on the part of the contractor* or from any *act* or omission of his servants, etc.

In subdivision 1.02 of part II of the specifications two separate and independent provisions are further made for the contractor's responsibility. The first paragraph reads as follows: " The Contractor in accepting this contract agrees to accept full responsibility for all damages and claims and for the defense of all actions against the Authority or City of Buffalo arising from any excavation made in connection with the work done under these specifications." It is clear that that provision aims to indemnify the Authority and the city of Buffalo for damages or claims and for the defense of actions against them *arising from any excavation work* in connection with the contract. The clause is not inconsistent with the clause above quoted from the contract itself. It merely is more general in terms as to liability arising from excavation work than the contract clause and does not limit indemnity to possible recovery on account of the negligent acts or omissions of the contractor, his agents, servants or subcontractors, as does the clause in the contract proper. The contract provides for blasting operations. In connection with such operations, the second provision of subdivision 1.02 of the specifications reads as follows: " All blasting necessary on this contract shall be done with the express provision that the Contractor shall be and is hereunder responsible for any and all damages and claims arising from such blasting or by accidental explosions, and for the defense of all actions arising from such causes." It is under the last quoted provision of the contract that plaintiff has recovered. The claim of the defendant that the last above-mentioned provision must be construed, in the light of the contract as a whole, to protect only the city and the Sewer Authority against suits, claims or damages arising out of

blasting operations cannot be sustained. On the contrary, it deals additionally with an obligation not otherwise provided for in the contract whereby the city and the Authority undertook to provide protection to third persons for personal injury and property damage arising through blasting operations where no such obligation would otherwise exist.

A reading of the contract as a whole indicates that the parties intended to and did separately provide (1) for the protection of the city and the Authority against suits, claims and damages which might arise out of negligent acts and negligent omissions of duty of the contractor or *acts* of his agents, servants or subcontractors in connection with the prosecution of the work, (2) for the protection of the city and the Authority from liability arising from the excavation work whether involving negligence or not, and (3) for protection of third persons against damages arising out of blasting operations and accidental explosions regardless of whether liability therefor would ordinarily exist.

The paragraph upon which reliance for recovery is based is not inconsistent with the general indemnity clause of the contract proper or with the indemnity clause relating to excavation work inserted for the benefit of the city and the Authority but is separate and distinct from those clauses and with no direct and evident contextual connection. The paragraph was unnecessary if it were intended to be limited solely to indemnity of the city and the Authority since such indemnity was separately treated and fully provided for elsewhere in the contract. By giving the words of the clause their obvious and natural meaning, violence is not thereby done to the intent of the parties expressed elsewhere in the contract.

Neither the city nor the Authority would be liable for damages to nearby property owners caused by blasting operations whether due to the negligence of the contractor or whether there was a trespass (*Pack* v. *Mayor*, 8 N. Y. 222; *Herrington* v. *Village of Lansingburgh*, 110 N. Y. 145; *Smyth* v. *City of New York*, 203 N. Y. 106), at least in the absence of evidence which does not appear in this case that the contractor engaged was incompetent and known by them to be incompetent when engaged. " * * * contracts will not be construed to indemnify a person against his own negli-

gence unless such intention is expressed in unequivocal terms."
(*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36, 41.)
When a technical trespass arises from blasting operations, damages
may be recovered from the person responsible for injury to person or
property without proof of negligence. (*Hay* v. *Cohoes Co.*, 2 N. Y.
159; *Sullivan* v. *Dunham*, 161 N. Y. 290.) Otherwise the law pro-
vides no remedy for such injury in the absence of proof of lack of
due care on the part of the contractor. (*Booth* v. *Rome, Water-
town & O. T. R. R. Co.*, 140 N. Y. 267; *Holland House Co.* v. *Baird*,
169 N. Y. 136.) Blasting is one of the operations provided for in
the contract. The term " accidental explosion " in the clause under
consideration indicates an intent to cover every situation as a result
of which damage is done. As used in the contract that expression
is intended to include unavoidable accidental explosions for which
the contractor ordinarily would not be liable. Although under
Article X (the indemnity clause), the Authority is given the right
to retain money until " all suits or claims for damages shall have been
settled or otherwise disposed of and evidence to that effect fur-
nished," Article XVIII also provides for the withholding of
payment " (c) to protect the Authority and the city of Buffalo
from loss due to injury to persons or damage to the work or property
of * * * *others* caused by the *act* or neglect of the contractor
or of any of his subcontractors." The contractor is required to
procure and continue during the life of the contract public liability
and property damage insurance sufficient not only to protect the
city and the Authority but also to protect him and any subcontractor
from claims for damages for personal injury, including wrongful
death, *and claims for property damage which may arise from operations
under the contract* whether such operations are conducted by him-
self or by a subcontractor or by anyone directly or indirectly
employed by either. Those clauses were designed to be broad
enough to provide protection to the contractor and to the city and
to the Authority severally as against claims, suits and damages
arising from injury to nearby property from blasting operations
although no liability to third persons for such injury would
ordinarily exist.

We conclude, therefore, that, not only by the express wording of
the provision of the contract upon which plaintiff relies for recovery

but also by the clear intent of the parties as indicated by an examination of the contract taken as a whole, the clause dealt with an independent subject and created an obligation on the contractor in favor of third parties to respond to them for damages to their property in connection with blasting operations although no liability on the part of the contractor to them would otherwise exist. Nothing novel appears in the language of the clause and the provision is not unusual in contracts for public improvements. Of similar wording and purpose are commonly found similar clauses in present day public improvement contracts without providing indemnity of the principal or requiring negligence of the contractor as a necessary basis for recovery. In the public interest it was competent for the parties to so contract (*Rigney* v. *N. Y. C. & H. R. R. R. Co.*, 217 N. Y. 31) and when such a provision is found a third party beneficiary may maintain an action on the agreement. (*Coster* v. *Mayor*, 43 N. Y. 399; *Wilson* v. *Costich Co.*, 256 N. Y. 629; *Trumpbour* v. *Johnson Corp.*, 277 N. Y. 609.)

The judgment appealed from should be affirmed, with costs.

Finch, J. (dissenting). This is an action by plaintiff to recover for damages resulting from concussion and vibrations produced by blasting operations carried on without fault by the defendant contractor. Plaintiff owned premises near West Delavan avenue in the city of Buffalo along which the contractor was engaged in a sewer construction job under a contract with the Buffalo Sewer Authority. Plaintiff's premises were damaged as the result of concussion and vibrations produced by blasting operations solely as an unavoidable consequence of the proper performance of this necessary public work by this defendant contractor.

Plaintiff originally brought suit upon two causes of action, the first based upon negligence and the second upon a claim that defendant's contract with the Sewer Authority imposed an obligation to pay for any damage due to blasting without regard to fault. Pursuant to stipulation the two causes of action were severed and only the cause of action in contract was tried, the cause of action in negligence awaiting the disposition of the cause at bar.

It is the contention of plaintiff that under the terms of the contract between the contractor and the Sewer Authority, the contractor assumed an absolute liability with respect to all damages

resulting from blasting operations. Defendant-appellant, on the other hand, contends that the contractor's·liability under the contract with reference to blasting and excavating is limited to indemnification of the Sewer Authority and the city of Buffalo.

At the trial evidence was introduced solely as to causation and amount of damage because the trial court held, in accordance with a prior decision of the Appellate Division upon motion to dismiss, that defendant was liable under the contract without regard to negligence. The trial court then submitted to the jury only these two questions of causation and damages, and the jury returned a verdict in favor of plaintiff in the amount of $2,750.

The main question to be decided upon this ʻappeal is the construction of the contract made between this defendant and the Buffalo Sewer Authority. Upon the trial, a subsidiary question arose because of the exclusion by the trial court of parole evidence offered by defendant as bearing upon the intention of the parties to the contract. In view of the decision reached herein, the contention of defendant that this parole evidence is admissible becomes immaterial.

We pass at once to a consideration of the contract and the specifications. The contract is voluminous, running over one hundred legal size pages of single space typing. Appended to the contract are specifications numbered from section 1 to section 8.06. The provisions upon which plaintiff bases his theory of absolute liability, do not appear in the contract itself. So far as appears from the provisions of the contract, responsibility of the contractor is expressly limited to indemnifying and saving harmless from legal damage the city of Buffalo and the Sewer Authority. This obligation is set out in article X entitled " Contractor's Responsibility," wherein it is provided that: " The Contractor will indemnify and save harmless the City of Buffalo and the Authority from all claims, suits or actions and damages or costs of every name and description to which the City of Buffalo and/or the Authority may be subjected or put by reason of injury to the person or property of another resulting from negligence or carelessness on the part of the Contractor * * * and the whole or so much of the moneys due or to grow due under this agreement as shall or may be considered necessary by the Authority may, at its option,

be retained by the Authority until all * * * claims for damages shall have been * * * disposed of and evidence to that effect furnished to its satisfaction."

The provision relied upon by plaintiff appears, as noted, only in the specifications, being section 1.02 of part II of the specifications. Part II bears the general heading " Methods and Materials of Construction." Section 1.02 appears under the sub-heading " Excavation in Tunnel," and reads as follows:

" 1.02. Contractor's Responsibility. The Contractor in accepting this contract agrees to accept full responsibility for all damages and claims and for the defense of all actions against the Authority or City of Buffalo arising from any excavation made in connection with the work done under these specifications.

" All blasting necessary on this contract shall be done with the express provision that the Contractor shall be and is hereunder responsible for any and all damages and claims arising from such blasting or by accidental explosions, and for the defense of all actions arising from such causes."

Plaintiff urges that by means of these two paragraphs quoted above from the specifications there was created a new and absolute liability upon the contractor with reference to excavation and blasting work, and that this liability runs in favor of any and all persons who may suffer damage therefrom. It is submitted, however, that this contract and specifications are not capable of such a construction.

Article X of the contract is clearly a provision of indemnity whereby the contractor agrees to save harmless the city of Buffalo and the Sewer Authority from claims arising on account of the acts or faults of himself, his servants, agents, or subcontractors. As it stands, this provision, of course, does not afford complete indemnity to the city and the Authority because it is clearly insufficient to cover the acts or neglects imputable to the indemnitees themselves. (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36.) There is room, therefore, for a further provision supplementing this indemnity agreement so as to afford more complete protection to the indemnitees. With this thought in mind we examine section 1.02 of the specifications which, by reason of its heading, " Contractor's Responsibility," is obviously intended to supplement

article X of the contract. In construing this section of the specifications, we must take into account the direction contained in article I-a of the contract, which provides that in the event of conflict or inconsistency between the provisions of the contract and those of the specifications, the provisions of the contract shall control. Thus we should expect to find in the language of section 1.02 merely a supplemental agreement confined to indemnity and a natural construction of the language contained therein would seem to bear out that expectation. A perfectly reasonable construction of the language contained in this section is that, with reference to the specific subjects of excavation and blasting, the contractor agrees to afford a more complete protection to the indemnitees by assuming full responsibility for acts or neglects imputable to the latter. That this is the correct construction of the section in question is further borne out by looking to section 33 of the contract which expressly limits structural damage to the negligence or fault of the contractor, and section 1.05 of the specifications, which expressly define and limit the liability of the contractor with reference to the work of blasting. It is obvious, of course, that if specification 1.02 imposed the absolute liability contended for by plaintiff, the provisions of section 33 and of specification 1.05 would be altogether unnecessary.

Plaintiff's construction of specification 1.02 is likewise completely out of harmony with the other provisions of the contract. An inspection of this document demonstrates the extreme nicety with which absolute liability, when intended, was imposed upon the contractor by the terms of the contract. For example, in article XXXVI of the contract, the contractor is required to take full precaution to protect the completed work until the entire contract is completed. This clause expressly provides, however, that the taking of proper precaution shall not relieve the contractor from absolute liability to the Authority on account of the completed work. This is an instance in which the draftsman of the contract intended to distinguish sharply between an obligation to use due care and an obligation to assume absolute liability and used language unmistakably imposing the latter kind of liability. This provision is in sharp contrast to the ambiguous words of specification 1.02, upon which plaintiff relies as imposing the same kind of absolute liability upon the contractor.

A brief examination of the other provisions of the contract discloses that no such sweeping liability as that contended for by plaintiff was intended to be imposed upon defendant contractor. The city of Buffalo and the Sewer Authority are the prime beneficiaries under this contract and, when any other person or class of persons is intended to be benefitted thereunder, such person or class of persons is unmistakably pointed out in explicit terms. Thus, for instance, article XVIII of the contract which authorizes the withholding of payments from the contractor, in addition to providing for the Authority and the city, permits the withholding of payments only in favor of claimants for labor and materials. Again, when a duty to repair is placed upon the contractor, the liability thus imposed is not left high in the air but is expressly confined to certain enumerated classes of subjects and certain enumerated classes of persons. The entire contract, therefore, so carefully limiting the extent of the liability imposed upon the contractor, is entirely out of harmony with the theory of plaintiff that an absolute liability was intended to be imposed upon the contractor in favor of an indeterminate class of persons without regard to geographical limitations, time limitations upon the filing of claims, or other reasonable restrictions.

The contention urged by plaintiff would give a construction to one paragraph of the specifications entirely inconsistent both with the provisions of article I-a of the contract, limiting the specifications merely to the supplementing of the contract, and also with the general contract rule relegating the specifications to performing merely the function of bills of particulars with reference to the main contract. (*McGarry Contr. Co. v. Board of Education*, 284 N. Y. 218.) Under the settled law of this State there is no liability resulting from vibrations from blasting performed without fault and with all due care. (*Booth v. Rome, Watertown & O. T. R. R. Co.*, 140 N. Y. 267.) If it had been the intention to override this settled principle and create a new and absolute liability, would there not have been inserted in the contract itself a clear and unambiguous provision to that effect?

It is urged that the second paragraph in subdivision 1.02 of the specifications was entirely unnecessary if it were intended to limit liability of the contractor to indemnity of the city of Buffalo and

of the Authority for the negligence of the contractor. As already noted, that was the very purpose of this provision of that section since without that express provision, the city and the Authority would not be covered for their own negligence. (*Thompson-Starrett Co.* v. *Otis Elevator Co., supra.*)

Where the contract itself provides only for indemnity to the city and the Authority against negligence and it is sought to read a part of the specifications as creating absolute liability on the part of the contractor wholly apart from negligence, then it is submitted that that portion of the contract is controlling which provides that in case of any conflict or inconsistency between the provisions of this contract and those of the specifications, the provisions of the contract shall govern.

It is urged that the use of the words " accidental explosions " in the second provision of subdivision 1.02 of the specifications is of great significance. Aside from the fact that accidental explosions may be due to carelessness, it is to be noted that these words are immediately followed in the same sentence. by the phrase " and for the defense of all actions arising from such causes " thus showing that the words " accidental explosions " are a part of the general indemnity provided for the city and the Authority. Otherwise there would be no need to cast the obligation to defend actions brought against the city and the Authority from " such causes."

Article X of the contract expressly provides for the withholding of moneys until all suits or claims for damages against the city and the Authority shall have been settled or otherwise disposed of. It is contended, therefore, that article XVIII which also provides for the withholding of money, indicated an intention to make the contractor liable to third parties without regard to fault on his part, but a careful reading of that provision limits the withholding of money " to protect the Authority and the City of Buffalo from loss * * * caused by the act or neglect of the Contractor or of any of his sub-contractors."

It is also urged that under article XXXIX of the contract, the contractor is required to take out public liability insurance and property damage insurance, but in the absence of a provision for additional coverage, this provision to take out insurance is merely for the coverage of the undertaking of the contractor, namely, to indemnify the city of Buffalo and the Authority.

Plaintiff-respondent relies chiefly upon *Wilson* v. *Costich Co.* (231 App. Div. 346; affd., 256 N. Y. 629) and *Trumpbour* v. *Johnson Corp.* (250 App. Div. 856; affd., 277 N. Y. 609). The contract in the *Wilson* case, however, specifically compelled the contractor to repair whatever damage he caused without regard to ordinary legal liability. In the *Trumpbour* case two paragraphs of the contract, numbered 5 and 6, were relied upon by the plaintiff as imposing absolute liability upon the contractor on account of blasting operations. Paragraph 5 was obviously a contract of indemnity which had this feature that distinguishes it from article X of the contract in the case at bar; it was a complete indemnity agreement because it was sufficiently broad to cover acts and neglects imputable to the indemnitees in accordance with the Thompson-Starrett rule. (*Thompson-Starrett Co.* v. *Otis Elevator Co., supra.*) Consequently, the subject of indemnity had been completely covered by this provision and the other provisions of the contract would be completely meaningless unless they dealt with some different subject. The provisions of paragraph 6 may be said fairly to impose the kind of absolute liability contended for by plaintiff, especially because of the use of the explicit words that " all damages of whatever nature * * * from whatever cause " shall be borne and sustained by the contracting party. On the other hand, defendant's construction of the contract in the case at bar finds authoritative support in a number of Federal cases construing similar language in public works contracts. ( *United States* v. *Massachusetts Bonding & Ins. Co.*, 18 Fed. Rep. [2d] 203; *Corrigan Transit Co.* v. *Sanitary Dist. of Chicago*, 137 Fed. Rep. 851; *Twin Falls Canal Co.* v. *American Falls Reservoir Dist. No. 2*, 59 Fed. Rep. [2d] 19, cert. denied, 287 U. S. 638.)

The judgment appealed from should be reversed and the contract cause of action in the complaint dismissed, but without costs.

CONWAY, DESMOND and * LAZANSKY, JJ., concur with RIPPEY, J.; FINCH, J., dissents in opinion in which LEHMAN, Ch. J., and LOUGHRAN, J., concur.

Judgment affirmed.

---

* Designated pursuant to section 5 of Article VI of State Constitution in place of Lewis, J., disqualified.