J. FREEMAN DIXON et al., Respondents, v. NEW YORK TRAP ROCK CORPORATION, Appellant.— In an action to recover for property damage and personal injuries, and for injunctive relief, defendant appeals from a judgment which granted recovery for property damage and personal injuries. The damage was alleged to have been caused by blasting operations carried on by defendant in its stone quarry. The evidence raised questions of fact for the Official Referee as to whether the damage to plaintiffs' property was caused by defendant's blasting, and as to whether defendant's operation of its quarry was negligent and unreasonable, and the finding of the learned referee is not against the weight of the evidence. Defendant raises now, for the first time, the point that testimony of plaintiffs' experts as to the value of the property was received improperly because it related to value as of the date of the trial and not as of the date of the commencement of the action. Such testimony was received without objection, and when it was received the action was one for equitable relief, the demand for an injunction not having been withdrawn until after the plaintiffs' case was closed. The objection to this testimony raised now by the defendant could have been obviated if attention had been called to it before the trial was closed. In such circumstances, an objection will not be considered on appeal, whether or not it had merit. (*Ell Dee Clothing Co.* v. *Marsh,* 247 N. Y. 392, 395; *Bliss* v. *Sickles,* 142 N. Y. 647.) Plaintiff Katherine S. Dixon is not entitled to recover damages for her nervous condition, alleged to have been caused by the blasting. (*Cook* v. *Village of Mohawk,* 207 N. Y. 311, 314.) Judgment modified on the law and the facts by striking therefrom the last paragraph, which awards $2,000 to Katherine S. Dixon, and as thus modified, the judgment is affirmed, without costs. Findings of fact Nos. 23 and 24 are reversed and conclusion of law No. 6 is disapproved. Conclusion of law No. 7 is modified by striking therefrom the words " and a further judgment in favor of the plaintiff, Katherine S. Dixon, and against the defendant in the sum of $2,000." Defendant's proposed findings of fact Nos. 48, 49 and 67 are found. Defendant's proposed conclusions of law Nos. 18 and 19 are approved. Close, P. J., Hagarty, Johnston and Lewis, JJ., concur; Adel, J., dissents and votes to reverse the judgment on the law and the facts and to dismiss the complaint on the law, with the following memorandum: There is no proof in the case warranting a finding of negligence on the part of the defendant. If it be assumed that the defendant's operations caused damage to plaintiffs' house (which is a doubtful assumption in view of the testimony of the plaintiffs and their witnesses, and the scientific evidence) there is no proof that such damage was due to the defendant's negligence. The settled law of this State is that damages to property caused by the transmitted energy waves of blasting, no matter how severe, do not render the blaster liable. There must be proof of negligence, that is, negligence in performing the work of blasting. (*Page* v. *Dempsey,* 184 N. Y. 245; *Coley* v. *Cohen,* 289 N. Y. 365.)