J. FREEMAN DIXON et al., Respondents, v. NEW YORK TRAP ROCK CORPORATION, Appellant.— Defendant appeals from an order denying its motion under rule 107 of the Rules of Civil Practice to dismiss the complaint. Order affirmed, without costs, with leave to defendant to answer within ten days from the entry of the order hereon. Hagarty, Acting P. J., Carswell, Adel and Lewis, JJ., concur; Johnston, J., concurs except insofar as the order denies defendant's motion to dismiss the cause of action for damage to plaintiffs' real property and for an injunction, as to which he dissents and votes to modify the order by granting the motion to dismiss in that respect, and, as so modified, to affirm with the following memorandum: The action is brought for an injunction and to recover for damage to plaintiffs' real estate by reason of defendant's blasting operations. Additional causes of action are brought by the husband and wife to recover damages for personal injuries. The defendant moved to dismiss the complaint on the ground that the action is barred by a judgment recovered by plaintiffs, which was reviewed by this court. (*Dixon* v. *New York Trap Rock Corp.*, 267 App. Div. 963, revd. in part 293 N. Y. 509.) In the previous action the plaintiffs recovered the sum of $7,500 for damages to the real estate

and the plaintiff wife recovered $2,000 for personal injuries. The prayer for injunctive relief was withdrawn, as was the plaintiff husband's cause of action for personal injuries. It appears from the previous record on appeal that the plaintiffs' award was for both past and prospective damages to the fee, which bars the present action insofar as that claim is concerned. As to the claim for personal injuries by plaintiff husband, the complaint sets forth a cause of action. With reference to the cause of action for personal injuries by plaintiff wife, the complaint is sufficient, as it alleges injuries sustained since the bringing of the previous action. [See 270 App. Div. 810.]