■ ARNOLD G. HITE, an Infant, by ARTHUR G. HITE, His Guardian ad Litem, et al., Respondents, v. LYONS CENTRAL SCHOOL DISTRICT No. 1, Appellant, et al., Defendants.— Order unanimously modified in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. Memorandum: The only motion before the court was addressed to the face of the complaint under rule 106 of the Rules of Civil Practice. However, in the first ordering paragraph of the order appealed from, the court directed respondent's attorneys to deliver a copy of the notice of claim to the attorney for the defendant-appellant. This, we presume, was on the theory that the notice had been irregularly served in good faith by the plaintiff-respondent, even though that question was not directly before the court. Subdivision 6 of section 50-e of the General Municipal Law, and particularly the last sentence thereof, authorizes such an order, but if the application is made before trial, it must be made on affidavits. For this reason the first ordering paragraph must be amended by deleting therefrom all language except " Ordered, that said motion be, and the same hereby is, denied." The language of the second ordering paragraph must be amended so that the defendant Lyons Central School District shall be permitted to serve its answer rather than directed to do so. (Appeal from order of Wayne Special Term denying motion by defendant School District for a dismissal of plaintiffs' complaint.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ PETRA CHRISTOFF, Respondent, v. A. E. PETROSSI, INC., Appellant.— Order unanimously affirmed, with $25 costs and disbursements. Memorandum: The cause of action alleged in the complaint is one for breach of a contractual duty, independent of any negligence. Plaintiff claims to be a third-party beneficiary to this contract and a sufficient cause of action is stated in the complaint. (Wilson v. Costich Co., 231 App. Div. 346; Coley v. Cohen, 289 N. Y. 365.) The six-year Statute of Limitations applies. (Blessington v. McCrory Stores Corp., 305 N. Y. 140.) (Appeal from order of Monroe Special Term denying defendant's motion for summary judgment.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SYRACUSE MILK DEALERS, INC., et al., Appellants.— Order insofar as appealed from unanimously affirmed, with $50 costs and disbursements. (Appeals from parts of order of Onondaga Special Term denying motions by the appealing defendants directed to the form and sufficiency of the complaint.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ In the Matter of JAMES B. DOWNEY et al., Respondents, against EDWARD J. BURKE, Appellant.— Order unanimously affirmed, with $25 costs and disbursements. (Appeal from order of Erie Special Term denying motion by Edward J. Burke to vacate the order to take his testimony pursuant to section 295 of the Civil Practice Act.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ ARTHUR J. GIAMBERDINO, Respondent, v. MINNIE MILEO et al., Appellants.— ROSE M. GIAMBERDINO, Respondent, v. MINNIE MILEO et al., Appellants. — Motion for leave to appeal to the Court of Appeals denied. Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ DOROTHY C. JONES, Respondent, v. LOUIS LA DELFA et al., Defendants, and MILLER FORD, INC., Appellant.— Motion for reargument denied. Present — Williams, P. J., Bastow, Goldman and Halpern, JJ.

■ STRAIGHT LINE FOUNDRY & MACHINE CORPORATION, Appellant, v. JOSEPH WOJCIK et al., Respondents.— Motion for leave to appeal to the Court of Appeals denied. Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.