Abigail SINKO, Appellant,

v.

The CITY OF SAN ANTONIO, et al., Appellees.

No. 04–84–00387–CV.

Court of Appeals of Texas, San Antonio.

Sept. 30, 1985.

Rehearing Denied Nov. 12, 1985.

Dennis Reese, Charles Herring, Jr., Small, Craig & Werkenthin, Austin, for appellant.

Robert R. Biechlin, Jr., William Nichols, San Antonio, for appellees.

Before CANTU, REEVES and COLE-MAN,* JJ.

## OPINION

COLEMAN, Justice (Assigned).

This is an appeal from a take nothing judgment rendered in a suit for damages caused by personal injuries. The case was tried to a jury which found that neither of the defendants were guilty of negligence which was a proximate cause of the occurrence in question. The two principal issues presented by this appeal are (1) the trial court's refusal to permit in evidence certain demonstrative evidence; (2) the asserted refusal of the trial court to submit certain special issues relating to the plaintiff's asserted cause of action as a third party beneficiary of a contract between the City of San Antonio and William D. Massey & Sons, Inc. The judgment will be affirmed.

Abigail Sinko, the plaintiff, was employed by a corporation of which she was a principal owner. On October 15, 1979, she drove to work in a van and parked it near the building where her business was conducted. The passenger side of the van was near an excavation made by the defendant, William D. Massey & Sons, Inc. pursuant to a construction contract with the City of San Antonio Water Works Board. Mrs. Sinko walked around to the passenger side of the van to place a thermos inside the van. She testified that, after closing the door, she was standing about two feet from the excavation facing the van when she felt the "dirt go," and she fell backwards into the hole. Mrs. Sinko sustained serious injuries requiring the surgical implant of a steel support in her leg. She brought suit for the damages resulting from her injuries naming as defendants the City of San Antonio, Water Board of Trustees of the City of San Antonio, John H. Schaefer, Jose San Martin, Jr., Richard R. Solis, Robert L.N. Hillard, Lila Cockrill, William D. Massey & Sons, Inc., William D. Massey, individually, and d/b/a William D. Massey & Sons. The Massey Corporation, The Company, and Mr. Massey individually, will be referred to in this opinion as "Massey."

Massey contracted with the City Water Works Board to install water mains on Polk and Josephine Streets in the City of San Antonio. The work began on Josephine Street, which ran in front of the plaintiff's business, and then continued down Polk. A trench was dug, pipe laid, and the trench covered in a continued sequence.

About a week after the work completed, Massey came back and dug a hole in the parking area approximately two feet by three feet wide and three and one-half feet deep in order to put a tap on the new main. The parking area was on the plaintiff's property between the side of their building and Polk Street. This excavation remained open for about one week before Mrs. Sinko had her accident. During this time barricades were maintained on the sides of the hole next to Polk and Josephine Streets and the dirt excavated was piled on a third side of the hole. There was no barricade on the side of the hole next to the parked van.

The jury failed to find that Massey was negligent in failing to cover or fence excavation, or negligent in the manner of barricading or warning the plaintiff concerning the excavation. It found that the City Water Board was negligent in its supervision of the contractor, but that this was not a proximate cause of the occurrence. Mrs.

---

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to Paragraph (d) of Article 1812, Texas Revised Civil Statutes as amended by H.B. 2244 (Acts 1983, 68th Leg., p. 1912, Ch. 354, Sec. 1, eff. June 16, 1983).

Sinko was found negligent in failing to heed the barricades and keep a lookout for her own safety, and that these failures were proximate causes of the occurrence.

The plaintiff contends that the trial court erred in refusing to admit into evidence a portion of plaintiff's Exhibit No. 202, a video tape depicting what the plaintiff contends would be a proper barricade, one that would have physically impeded a fall into the excavation.

The plaintiff called two expert witnesses to testify to the proper safety precautions to be taken around excavations, Mr. Stocker and Mr. Stevens. They testified that recognized safety practices with respect to hazards consisted first of eliminating the hazard if possible, and if not, guarding against the hazard and warning of the hazard. They testified as to what they considered to be the proper precautions to be taken to guard against the hazards associated with an excavation. They considered the danger of an excavation caving in a hidden or unknown hazard to the general public.

These experts testified that the barricades used by the defendants did not comply with industry standards, and were not reasonably adequate because they did not warn of the hidden hazards of a cave-in, and did not completely enclose the excavation. There was evidence of numerous texts and manuals that set out standards in the industry supporting the experts' testimony concerning the danger of cave-ins and the importance of guarding excavations with barricades, fencing and guardrails.

Stevens identified pictures of numerous other excavation sites throughout the City of San Antonio that reflected proper methods of guarding, including the use of barricades to completely encircle the excavation. He testified that the concept of barricading included not only warning, but actually preventing or impeding physical access.

He gave as an example of proper guarding the use of four twelve-foot long barricades that completely encircle the excavation and were set outside the zone of danger from cave-in. This arrangement of barricades was made at the accident site and was depicted on the first portion of plaintiff's Exhibit No. 202, a video tape. Stevens gave his opinion that adequate guarding would have prevented a person from stepping in the hole.

However, Michael Massey and William D. Massey testified that while the encircling of an excavation by barricades tied together was a proper and adequate barricading system, such an arrangement would not have made the hole any safer because it would not physically prevent a person from falling in the hole.

The portion of the exhibit which was excluded from evidence depicted a person running against the barricade constructed by plaintiff and showed that this person did not stumble or fall into the hole. This experiment was conducted out of court and without the presence of the defendants' counsel.

■ In order to render admissible the evidence of an experiment made out of court and without the presence of the opposing party, it is generally required that there be a substantial similarity between the conditions existing at the time of the experiment and those surrounding the event giving rise to the litigation. *Ford Motor Co. v. Nowak*, 638 S.W.2d 582 (Tex. App.—Corpus Christi 1982, writ ref'd n.r. e.).

The video tape did not purport to be a reenactment of the accident or to accurately portray the scene of the accident. It simply portrayed a scene arranged to support the testimonial contention which the plaintiff sought to advance. While we have found no Texas cases on point, it is stated in 29 Am.Jur.2d *Evidence*, § 794 (1967):

> [U]nless rigid necessity therefor is shown, the courts should not permit posed pictures which simply portray a scene arranged to support the testimonial contention which the profferer seeks to advance.

*Id.,* at 874–75. In addition to the authorities cited in support of the proposition in the paragraph cited, additional more recent authorities are cited in an Annot. 19 A.L.R.2d 879, § 2 (1951) and A.L.R.2d, Later Case Service 19–21, pp. 107–112.

The article on evidence found in 29 Am. Jur.2d *Evidence* § 769 (1967) states:

A certain amount of discretion as to the receipt in evidence of real or demonstrative evidence must rest in the trial court, and the court must be alert to eliminate any abuse of the principles of real or demonstrative evidence where such evidence would give an unnecessary dramatic effect or would unduly emphasize some issues at the expense of others.

*Id.,* at 838.

■ The proffered video tape was cumulative of evidence which was fully developed by the testimony of various witnesses produced at the trial. The exclusion of such testimony is not error. *Bobbie Brooks, Inc. v. Goldstein,* 567 S.W.2d 902 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.).

■ Finally the appellant has failed to carry her burden under TEX.R.CIV.P. 434, of showing that the exclusion of this evidence was calculated to cause and probably did cause the rendition of an improper verdict. When the exclusion of evidence is the basis for a point of error, the reversal of the trial court's judgment is not justified unless an examination of the record as a whole leads to the conviction that the error in refusing to admit the testimony was calculated to cause and probably did cause the rendition of an improper judgment. *Guidry v. Harris County Medical Society,* 618 S.W.2d 844, (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ); *Crawford v. Haywood,* 392 S.W.2d 387 (Tex.Civ.App.—Corpus Christi 1965, no writ). The trial court did not err in excluding this evidence.

Mrs. Sinko plead that she was a third party beneficiary of a contract in existence between the defendant William D. Massey and the City Water Works Board of Trustees of the City of San Antonio. The contract required that the contractor protect the public by (1) taking reasonable precautions to guard persons from bodily injury; (2) that, where any dangerous condition exists in and around construction sites, the contractor should provide and maintain reasonable warning of such danger; (3) that in the event the contractor created excavations in connection with the performance of the contract, he should provide and maintain at all times reasonable means of warnings of any such danger; (4) that the contractor comply with the latest editions of the "Manual of Accident Prevention in Construction" of the Associated General Contractors of America (AGCA); (5) that barricades as required for safety purposes be maintained in appropriate locations from the time the excavation commenced until the original surface was restored; and (6) that the contractor provide and maintain adequate barricades and warning signs around trenches from the time excavation commenced until the original surface was restored. The plaintiff alleged that Massey violated these provisions of the contract and as a result Mrs. Sinko was injured.

The trial court refused to submit, in the form presented, the plaintiff's requested Special Issue No. 8 reading:

Do you find from a preponderance of the evidence that Massey breached the contract with the City of San Antonio in any one or more of the following particulars? Answer 'We do' or 'We do not' to each.

(a) By failing to protect the public?

(b) By failing to take reasonable precautions to safeguard persons from death or bodily injury?

(c) By failing to provide and maintain warnings of danger?

(d) By failing to provide adequate barricades around excavated trenches?

(e) By unreasonably creating a dangerous excavations [sic] and allowing it to remain open for an unreasonable period of time?

(f) By failing to abide by the 'Accident Prevention in Construction'?

In connection with this issue plaintiff requested Special Instruction No. 6 reading:

> You are instructed that 'breached' means the failure, without legal excuse, to perform any promise which forms a whole or part of any agreement, including the refusal of the party to recognize the existence of agreement or the doing of something inconsistent with this existence. You are also instructed that 'contract' means an agreement between the parties who assent to the same thing or things so that there is a meeting of their minds about the subject matter and all the essential terms of the agreement. A contract or agreement may be created in any manner sufficient to show agreement, including oral statements and conduct by the parties which recognize the existence of such a contract or agreement.

The plaintiff then requested Special Issues No. 9 and 10, the proximate cause and damage issues on plaintiff's third party beneficiary breach of contract claim. All of these issues and the instruction were refused.

The court did submit an issue asking the jury to find from a preponderance of the evidence whether on the occasion in question, the defendant Massey, through acts or omissions of his agents and/or employees was negligent in any of the following respects:

    a.  In failing to cover the excavation?

    b.  In failing to fence the excavation?

    c.  In the manner of barricading the excavation?

    d.  In the manner warning plaintiff concerning the excavation?

The jury answered 'No' to each of the inquiries.

The regulations of the Occupational Safety & Health Administration (OSHA), which require all wells, pits and shafts to be adequately barricaded or covered; and the AGCA Manual of Accident Prevention in Construction, which was expressly incorporated into Massey's contract, were in evidence.

In none of these instruments or in the contract, is there an absolute requirement that the contractor protect the public against injury or damage. In paragraph GC–23.1 of the contract the contractor is required to protect the public by taking reasonable precaution to safeguard persons from death or bodily injury. Paragraph GC–24.1 requires the contractor to exercise reasonable precautions for the safety of employees and others near the work. Likewise, paragraph GC–24.4 provides for the use of barricades and warning lights "as required for safety purposes" to be maintained in "appropriate" locations.

The OSHA regulations require "adequately barricaded or covered" pits. Likewise, the AGCA manual requires "adequate fencing." The manual also requires all excavations to be "well barricaded." The contract established a duty on the part of the contractor to protect the public to the extent as specified. To establish a breach of the contract it is necessary to establish a breach of the duty thereby created. In order to determine whether or not the contractor took reasonable precautions to safeguard persons from bodily injury it is necessary to determine whether or not the precautions taken by the contractor were those which would have been taken by a person of ordinary prudence under the same or similar circumstances. Likewise in determining whether or not the barricades used were those "required" for safety purposes and whether they were maintained in "appropriate locations," an objective standard must be used, i.e., whether a person of ordinary prudence under the same or similar circumstances would have used more barricades or would have placed them in different locations.

This view of the case is supported in *Stafford v. Thornton*, 420 S.W.2d 153 (Tex. Civ.App.—Amarillo 1967, writ ref'd n.r.e.), where the court considered the claim of a property owner whose property was damaged by blasting in a nearby caliche pit. The blasting operations were conducted in the performance of a contract to build a portion of a State highway under a con-

tract between the State and the builder. The contract provided that when the use of explosives is necessary for the prosecution of the work, the contractor shall use the utmost care not to endanger life or property. The plaintiff plead that he was a third party beneficiary under the safety provisions of the contract. The jury was asked whether the defendant used "more excessive charges of explosives than a person of ordinary prudence would have used under the same or similar circumstances" and whether such use was a proximate cause of the damages. The jury was also asked whether the defendant failed to use utmost care not to endanger the property of appellee. "Utmost care" was defined as "that degree of care that would be exercised by a very cautious and prudent person under the same or similar circumstances."

The court found that the plaintiff was a third party beneficiary under the contract between the highway builder and the State, but further held that the contract did not impose a duty to exercise a higher degree of care towards the public than the law itself imposes. The court then held that the trial court erred in submitting the special issues imposing the duty upon the contractor to use utmost care not to endanger the property of appellee. In that case the court cited and distinguished *Collins Construction Co. v. Taylor*, 372 S.W.2d 548 (Tex.Civ.App.—Waco 1963, writ ref'd n.r. e.).

In the *Taylor* case the intention of the parties to make property owners third party beneficiaries was made clear by a provision making the contractor responsible for all damage or injury to property of any character occurring during the prosecution of the work resulting from any act, omission, neglect, or misconduct on his part in the manner or method of executing the work and providing that he would not be released from such responsibility until all claims had been settled.

This court has previously considered a case where the plaintiff sought recovery for the damages sustained by her resulting from the death of her husband in an on-the-job injury. *Clearwater Constructors, Inc. v. Gutierrez*, 626 S.W.2d 789 (Tex.Civ.App.—San Antonio 1981, no writ). She asserted that she was the third party beneficiary to a contract between her husband's employer and the United States Corps of Engineers which contained provisions requiring the employer to comply with certain safe construction practices. An appeal was taken from an order overruling a plea of privilege, and in his opinion disposing of the appeal Chief Justice Cadena carefully considered the rules useful in determining when a third person has a sufficient interest in the performance of a contract entered into by others to allow him to enforce the provisions of the contract. He found that the most widely used "test" is that a person who wishes to enforce a contract to which he is not a party must show that the contract was intended for his benefit in either all or part of its contemplated performance. He found difficulties inherent in the intent test and discussed the pertinent authorities.

Judge Cadena found no great difficulty in concluding that, "the employees of [employer] are third party beneficiaries of the promises concerning safety." *Id.* at 792. However, he concluded that there was nothing in the language of the contract to justify the conclusion that the parties to the contract intended to create in the plaintiff a right against her employer over and above the rights created by common or statutory law. He cited and quoted from *House v. Houston Waterworks Co.*, 88 Tex. 233, 31 S.W. 179 (1895):

> The plaintiff is not a party to or in privity with the contract. It was not expressly made for his benefit. The [promisor] has not been guilty of any breach of duty that it owed the plaintiff apart from the contract, nor growing out of any relations between them created by or arising out of the contract; and it is clear that [the third party] cannot maintain this action *ex delicto* for the breach of the contract itself. 31 S.W. at 181.

*Id.* at 792–93.

Mrs. Sinko is asserting a claim alleging a breach of duties owed to her

arising out of the contract. Once the duties to the general public arising out of the contract are identified, the case should be tried under the applicable rules of tort law rather than as an action for breach of contract.

The trial court submitted Special Issue No. 1, which fairly presented the plaintiff's complaint about the conduct of the defendant Massey. The appellant's brief has no point complaining of the form of this issue or that the answers made by the jury to it were not sufficiently supported by credible evidence. The plaintiff in its appellant's brief complains only of the trial court's failure to submit certain requested special issues. These points fail to present reversible error.

Special Issue No. 8 is not in substantially correct wording as required by TEX.R. CIV.P. 279 and is a phase or shade of Special Issue No. 1 submitted by the trial court.

■ The trial court must submit the controlling or ultimate issues raised by the pleadings and evidence. Once the controlling issues have been submitted, it is not error to refuse to submit other issues and various shades of the same issue. *J.V. Harrison Truck Lines, Inc. v. Larson*, 663 S.W.2d 37 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Exxon Corp. v. Butler Drilling Co.*, 508 S.W.2d 901 (Tex. Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.).

■ Requested Special Issue No. 8 is not in substantially correct form. TEX.R. CIV.P. 279 states in part: "... Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; ...". The rule does not mean that the requested issue must be absolutely correct, nor does it mean that a requested issue that is merely sufficient to call the matter to the attention of the court will be sufficient. The requested issue must be one that, in substance and the main, is correct and is not affirmatively incorrect. *Ybanez v. Anchor Constructors, Inc.*, 489 S.W.2d 730 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.).

Subdivision (a) of requested Special Issue No. 8 merely asks if Massey breached the contract with the City of San Antonio by failing to protect the public. The contract does not place an absolute duty on Massey to protect the public.

Subdivision (e) requires a finding of breach of contract if the jury should find that Massey unreasonably created a dangerous excavation and allowed it to remain for an unreasonable period of time. This is not supported by the pleadings or by evidence that the contract created such a duty. The issue is affirmatively incorrect. The requested special instruction number 6 would be inappropriate in the absence of Special Issue No. 8. Special Issues No. 9 and 10 are predicated upon an affirmative answer to Special Issue No. 8, consequently their omission from the charge was not error.

The plaintiff urges points of error concerned with: (1) the exclusion of evidence of damage suffered by plaintiff by reason of her necessity to sell stock to secure operating capital for a family owned corporation; (2) the refusal of a requested instruction relating to the damage suffered as a consequence of this sale; (3) the refusal to permit the matter of economic loss by reason of this sale to be brought before the jury on voir dire; and (4) the rendering of judgment based on the verdict because the jury failed to find that plaintiff suffered damage in several respects contrary to the undisputed evidence.

■ These points do not present reversible error because they concern only questions relating to damages. Any error relating solely to the damage issues are immaterial where the jury fails to make findings favorable to the plaintiff on the liability issues. *Owens v. Rogers*, 446 S.W.2d 865 (Tex.1969).

The judgment is affirmed.